A. Yes.

Q. Do you recall that you... do you recall having testified earlier in this case, once before?

A. Yes.

Q. How many times have you testified before with regard to this case here in Puerto Rico, Regino?

A. Here in Puerto Rico?

Q. Here in Court, in the Carolina Court.

A. Well, during the preliminary hearing and now.

Q. All right. Let me ask you: Do you recall having testified during a preliminary hearing on appeal?

A. Yes.

Q. For those two proceedings, the preliminary hearing and the preliminary hearing on appeal, I'd like to ask you: Had Identification Number 4 been produced? Had the written document you have identified as the agreement been prepared?

A. No, no; that was not presented.

Q. It was not presented? That is, it was not presented.

A. No.

Q. When you testified during those states, did you explain the terms of the agreement you had with the Department of Justice?

A. Yes.

Q. You explained them?

A. Yes.

Q. How does what you verbally explained prior to the agreement with the Department of Justice compare with Identification 4, the agreement, in terms of what



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

you informed?

A. It is the same thing.

Q. The same thing?

A. Yes.

Q. Of the five people you mentioned that told you they had participated in the deaths of the defendant's brothers, you mentioned Andresito...

A. Yes.

Q. ... Tito Rayita, and you mentioned the three deceased individuals in this case.

A. Yes.

Q. Junito Juajo, Chino and Willi Care.

A. That's right.

Q. Yes?

A. Yes.

Q. Do you know what physically happened to the other two? To Andresito and Tito Rayita?

MR. FARINACCI:

If he knows from his own personal knowledge.

THE COURT:

All right. Mr. Witness, that is the observation. Simply keep those instructions the Court gave you in mine when you answer. Whatever you answer from what you know from personal knowledge.

A. Um-hmm.

THE COURT:

Mr. Prosecutor.

PROSECUTOR:

Go ahead.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

A. Okay. I don't know about them...

MR. FARINACCI:

Your Honor, if he was present, otherwise...

THE COURT:

If you cannot include them...

MR. FARINACCI:

Well, the thing is there is an objection to the admission. Although the objection is not timely, Your Honor.

THE COURT:

Of course, Counsel.

MR. FARINACCI:

... UNINTELLIGIBLE... provide his answer in order to rule it inadmissible.

THE COURT:

But can't something else be done? Unless Counsel wishes him to answer without the jury present...

MR. FARINACCI:

No, no, no.

THE COURT:

... so if you'd like...

MR. FARINACCI:

No, no; I don't want to waste time.

THE COURT:

Well, the most the Court can do is to issue the warning while the answer is there. The alternative would be for him to testify without the jury present. You tell me. Go ahead with

your answer. Remember it has to be the product of your memory, that you know for a fact.

A. Now... although I know they were there, they are dead at this time.

MR. FARINACCI:

Have the Court ask whether he was present.

PROSECUTOR:

Your Honor, that...

THE COURT:

Counsel, that is not the process.

MR. FARINACCI:

Pardon me.

THE COURT:

That is not the process. Go ahead.

BY THE PROSECUTOR:

Q. Your Honor, we believe that would be the testimony for the Government. We would like for Identification Number 4... UNINTELLIGIBLE... Your Honor.

THE COURT:

It is time for cross-examination by... UNINTELLIGIBLE... for purposes of admissibility of the document offered.

MR. FARINACCI:

Uh, we reserve that right, Your Honor, because Rules of Evidence state that the document speaks for itself. We will most likely not have an objection to the admission of the document, but the thing is there are some things there that we believe are of an inadmissible and defamatory nature, and that is why we'd like to wait to present our...

THE COURT:

Counsel, the thing is now is the time.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

MR. FARINACCI:

No, no, Your Honor. The thing is the document speaks for itself. In other words, what happens is this. It's just that if Your Honor examines that document, which you have not done...

PROSECUTOR:

... UNINTELLIGIBLE...

MR. FARINACCI:

Your Honor, the thing is that...

THE COURT:

Yes, yes. Approach the bench.

**...SIDEBAR...**

MR. FARINACCI:

Your Honor, the thing is it contains things that are inadmissible.

THE COURT:

The thing is that this is the moment that the Court is giving you the opportunity, because that way...

MR. FARINACCI:

The thing is... I mean, what is the... UNINTELLIGIBLE...

THE COURT:

The thing is you are offering...

MR. FARINACCI:

And I object at this time and...

THE COURT:

Right, we know you are objecting, but then the Court is granting an opportunity to set the grounds, to cross-examine. So that the Court can then issue a ruling.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

MR. FARINACCI:

What I'm saying is that the judge should grant me that request when I state my position...

THE COURT:

That cannot be. I will tell you, Counsel. Because he has the right, when he makes an offer, for the Court to admit or deny it to make...

MR. FARINACCI:

Okay. The document...

THE COURT:

Oh! Well, you would like a process...

MR. FARINACCI:

Of course.

THE COURT:

In other words, I am to understand, just to be clear, excuse me; excuse me. Just to be clear, are you not going to cross-examine with regard to admissibility? What you'd like to do is discuss with me whether it is admissible...

MR. FARINACCI:

Of course.

THE COURT:

... or not.

MR. FARINACCI:

Of course.

THE COURT:

Then, all right. That is clear in the proceeding. Counsel, which is what...

UNINTELLIGIBLE...

MR. FARINACCI:

The thing is I would like to note for the record that all of those conversations gave knowledge and content to the same... UNINTELLIGIBLE... of the jury. ...UNINTELLIGIBLE... I would like to know because...

THE COURT:

But allow me, Counsel...

PROSECUTOR:

But... UNINTELLIGIBLE...

THE COURT:

All right. With your objection to... UNINTELLIGIBLE... to process the defendant who... resulted dangerous... UNINTELLIGIBLE... That is, I... UNINTELLIGIBLE...

PROSECUTOR:

That... UNINTELLIGIBLE... a contract between the two... UNINTELLIGIBLE... objection to you telling the ladies and gentlemen of the jury that the statements contained in that document bear no relation... UNINTELLIGIBLE...

THE COURT:

Well, the thing is that... but understand me when... UNINTELLIGIBLE... I will suggest, what do you propose? Let's assume that this word, that is the only thing about which I would be willing to sustain is a dangerous result, what do you propose, because he has the right to... UNINTELLIGIBLE... it is a contract...

MR. FARINACCI:

But the thing is what I'd like is... UNINTELLIGIBLE... will finish his direct...

THE COURT:

Then convince him; because he has the right for me to... UNINTELLIGIBLE...

MR. FARINACCI:



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

But if I... UNINTELLIGIBLE... not to admit it. Because what I'd like are some portions...

THE COURT:

We're going back to the same thing. He has the right to [do it] now, because that is the process. If he is not interested, we will leave it for later. If you believe that by redacting this or telling him, is what you want...

MR. FARINACCI:

I...

THE COURT:

... UNINTELLIGIBLE...

MR. FARINACCI:

... examine the entire document.

THE COURT:

Well, that is my... UNINTELLIGIBLE...

PROSECUTOR:

It is not... UNINTELLIGIBLE...

MR. FARINACCI:

All right. But the thing us using...

THE COURT:

Look for a solution...

MR. FARINACCI:

... UNINTELLIGIBLE... in the direct.

THE COURT:

That is his problem.

MR. FARINACCI:



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

His. And the issue is that you can even reserve its admissibility after the evidence is concluded.

THE COURT:

That is right, but remember that he has the right to... UNINTELLIGIBLE...

MR. FARINACCI:

Very well. Perfect.

PROSECUTOR:

Counsel...

MR. FARINACCI:

Exactly.

PROSECUTOR:

During the cross-examination, the document...

MR. FARINACCI:

Of course.

THE COURT:

Right. ... UNINTELLIGIBLE...

PROSECUTOR:

But, no, Judge. Not...

MR. FARINACCI:

All right. But what I...

THE COURT:

Remember that I always, even if you do not give it merit, I let you know what I am thinking. From everything I have seen so far with your objections, the only thing would be that it could come up; look for a solution for me, because the People, which is what concerns me the most...

MR. FARINACCI:



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

... UNINTELLIGIBLE... the document; I am not going to see the document until tomorrow.

THE COURT:

All right. But you already know how the Court is thinking about it.

MR. FARINACCI:

Of course. Perfect.

PROSECUTOR:

All right.

**... SIDEBAR CONCLUDES ...**

THE COURT:

Perfect. All right. It will stay as identification. Very well. It is 5:15 in the afternoon. I believe that the proceedings are ahead of schedule. Regino's direct examination has concluded. What is next in the proceedings? Next is cross-examination by the defense. Naturally, we are not going to start cross-examination by the defense at this time. The defense has told us in advance it will be extensive; we would not get much far. Let's continue tomorrow at nine in the morning.

MR. FARINACCI:

May we approach.

**... SIDEBAR ...**

THE COURT:

I have not stated you said you were ready. I said you have told me it will be extensive. Therefore, I believe we should not begin now.

MR. FARINACCI:



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.