But why can we not start...

THE COURT:

Counsel, because there is no need. You just finished; it is five. Look, the plan was to work until six...

MR. FARINACCI:

Then...

THE COURT:

... why start now?

MR. FARINACCI:

Your Honor, I suggest we can continue until six.

THE COURT:

Well, that...

MR. FARINACCI:

... UNINTELLIGIBLE...

THE COURT:

Look, Counsel, you have to be consistent. Remember that this morning, you were... UNINTELLIGIBLE...

MR. FARINACCI:

And I said that... UNINTELLIGIBLE... and I told Brother Counsel.

PROSECUTOR:

Counsel... UNINTELLIGIBLE... present now, and then... UNINTELLIGIBLE...

MR. FARINACCI:

No, I said I was going to ask questions about general things... UNINTELLIGIBLE... not specific. I said... UNINTELLIGIBLE...



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

THE COURT:

Look... UNINTELLIGIBLE... No, no; we had already said that it would be until six. Let's then work... yes. Yes, it's not all right; but I am going to do that.

MR. FARINACCI:

... UNINTELLIGIBLE...

THE COURT:

Counsel, we did mention it; we did say we might be here until six. Most likely thing was that they would not be finished at that time.

MR. FARINACCI:

Your Honor...

THE COURT:

Well, I will give you until six; no problem.

PROSECUTOR:

Well, but... UNINTELLIGIBLE...

**... SIDEBAR CONCLUDES ...**

THE COURT:

All right. I have reconsidered, after Counsel's argument, that they have decided to continue until six. So we will continue until six. That way we can get ahead of schedule and we will begin with the defense's cross-examination at this time, and will continue with that cross-examination tomorrow at nine. But let's take advantage of the afternoon until six. Go ahead, Counsel, with your cross-examination.

MR. FARINACCI:

Your Honor, I would just like a ten-minute recess in order to at least get something organized...

PROSECUTOR:

Your Honor, I mean, we either continue now non-stop until six or...



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

THE COURT:

The Court will allow, state, the Court... UNINTELLIGIBLE... opposing party.

PROSECUTOR:

Your Honor...

THE COURT:

Counsel...

MR. FARINACCI:

Some documents were presented during his direct examination which I have not had the opportunity to examine; and I think, at least, I am asking for ten minutes. Ten.

PROSECUTOR:

We have not provided any documents to Counsel...

MR. FARINACCI:

Your Honor...

THE COURT:

Right, it is your turn. Go ahead, Mr. Prosecutor.

PROSECUTOR:

We have not handed any document to Brother Counsel from the defense at any time throughout the morning for him to read.

MR. FARINACCI:

Your Honor, agreed. A bunch of exhibits have been admitted into evidence; a bunch of things. I have 15 pages of notes, which at least in ten minutes; I mean, much as I can try to do in ten minutes, I think it is more than reasonable. I mean, I don't know why Counsel wants me not to...

THE COURT:

Counsel, you know that the Court does not allow that kind of argument.

MR. FARINACCI:

All right. But for God's sake...

THE COURT:

I know you get excited, Counsel, but I cannot allow this kind of acting in this courtroom.

PROSECUTOR:

Your Honor...

MR. FARINACCI:

Pardon me, but it is not an act. I am claiming...

PROSECUTOR:

... UNINTELLIGIBLE...

THE COURT:

Counsel, you cannot... UNINTELLIGIBLE... I would like to state very clearly that the Court has not wanted to talk about acting of any other kind, your; the way in which you behave, your bringing up these things that you know the Court does not allow to... UNINTELLIGIBLE... form of the Rules. The Court was listening in order to issue a ruling, the way it has to be done. The Court suggests, if we have to have a recess at this time during the time we have left, then it does not justify starting now, Counsel.

MR. FARINACCI:

We have a full hour left.

THE COURT:

All right. The Court is going to rule. We are going to recess until tomorrow. The ladies and gentlemen of the jury are instructed not to speak about the facts of this case to one another or to anyone else; and if anyone were to try to, you must reject it and



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

immediately inform the Court. You are excused until tomorrow at nine.

BAILIFF:

All rise, please.

THE COURT:

... UNINTELLIGIBLE... go ahead.

PROSECUTOR:

Before Counsel says what he will say for the record, we would like to tell the ladies and gentlemen of the jury as well as Brother Counsels the situation we have with one of the members of the jury.

THE COURT:

Yes.

PROSECUTOR:

Which we were going to... UNINTELLIGIBLE... with that once we were finished with...

THE COURT:

Yes, but... UNINTELLIGIBLE...

MR. FARINACCI:

Yes, Attorney Farinacci for the record. We would like to state for the record that this incident caused by the Court which has not... uh, it was stated this morning, even when I argued that we were surprised by the presence of this witness in the courtroom that we were going to work until six in the evening today. And we would like to state that we wish to honor that commitment. The Court knew that we had agreed to work until six in the evening. Our argument is absolutely reasonable. Allow me ten minutes to begin, to read my notes and begin our examination. In response to that, the



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Court has stated for the record, in an annoyed tone, that they do not wish to hear us. What we were stating was that we simply wanted to do what had been discussed and formally agreed to in Your Honor's chambers this morning.

THE COURT:

All right. The...

MR. FARINACCI:

And that is the truth, and we stand by it.

THE COURT:

Are you finished?

MR. FARINACCI:

All right. For the record, I wanted to make the record clear.

THE COURT:

All right.

MR. FARINACCI:

What I asked for was the following: To have ten minutes to read my notes and work until six, which was what was discussed this morning. And the way that the Court has treated me gave the impression that I was trying to impose my opinion over the Court's decision. And that is not the case. The thing is we honored our commitment even when we saw that we had been surprised in court. We stated that we wanted to use a half hour to begin this witness' interrogatory and work until six in the evening, and that was the decision of the defense. And that is very clear. In other words, Judge, as for this morning's commitment, what I don't understand is we make the claim before the Court and do not follow through with the commitment made with the parties, why is the Court irately telling me that these acts are not

allowed in this court. The thing is, Your Honor, what we are saying, we urge for the matters that were discussed in Chambers to be honored. That was the agreement. Your Honor...

THE COURT:

All right.

MR. FARINACCI:

And that was all I asked. So then, what happened? We argued, asked for a ten-minute recess, and the Court seemed to not like for us to have... in other words, the Court said: "No, no; if you are going to start your examination, you will start it immediately." And we believe, Your Honor, and that is what has transpired here, that that is not fair. Our intent was remote. Ten minutes to prepare with all the notes we took down, with all the documents that have been presented, in order to at least read them; and the Court denied it. The Court simply said, "We will not continue working. We will continue tomorrow at nine in the morning." As if our request was something out of a soap opera; and nevertheless, Mr. Acevedo was present when this agreement was reached.

THE COURT:

All right. Counsel, I believe your argument has been more than clear. Obviously, the message has been received, and the Court will state the following: When the Court says that we will not allow this kind of acting, we are only referring to, Counsel... UNINTELLIGIBLE... to the way in which the prosecutor's turn was interrupted in an active manner of interrupting. That is what the Court was referring to. We are not referring to anything else, and Counsel knows it. As for the agreement to work until six, I do not thing that those agreements are bylaws, at six o' clock. It is very difficult to think that in terms of how he was responding to the prosecutor, it



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

would take today, and the Court estimates that... UNINTELLIGIBLE... until six would... UNINTELLIGIBLE... At this time, the prosecutor finished before six. Counsel insisted in wanting to begin. He would like to see... UNINTELLIGIBLE... in half an hour. Counsel explains to the Court that we will work for that half hour, but then the court needs a recess; so the Court made the decision, a decision that was strictly administrative... UNINTELLIGIBLE... All right. We made the decision, and then Counsel stated in his allocution that the Court... UNINTELLIGIBLE... a manner, a manner of raising voices to be equal to the way in which the Court has spoken, alleging that we will continue at nine. Counsel, that will stay there. Very well. Message received, clarifications made. Court is adjourned until tomorrow.

BAILIFF:

All rise, please. It is 5:26; the Court is adjourned until tomorrow at nine in the morning.

**... COURT IS ADJOURNED ...**

BAILIFF:

Good morning, everyone. All rise. The Court commences its proceedings in Chambers, the Court... UNINTELLIGIBLE... Carolina Division... UNINTELLIGIBLE... Criminal matters, will continue today, February 27, 1996, continuation of proceedings presided by the Honorable Judge Osvaldo Rivera. Please be seated and remain absolutely silent.

THE COURT:

Good morning, everyone. Let's continue today, please... this morning we were working with several judgments that we had to issue for which I could not be substituted; that is the reason we came in to the courtroom late. I would like to ask counsels whether they have anything to say before we call in the jury.

MR. FARINACCI:

Yes, Your Honor.

THE COURT:

Go ahead.

MR. FARINACCI:

For the record, Attorney Roberto Farinacci. We would like to state, Your Honor, that we have noticed throughout the entire week...

THE COURT:

Yes, sir.

MR. FARINACCI:

And it has particularly intensified; we would like to present a situation which we believe...

COURT CLERK:

... UNINTELLIGIBLE.. 95 is 563 to 569, 0P 95... UNINTELLIGIBLE... DPI 95 to 99, The People of Puerto Rico v. Juan Crespo Morales, for violation of Article 63K to 6A, Article 11K, conspiracy charges... UNINTELLIGIBLE... for continuation of proceedings.

THE COURT:

Go ahead, Counsel.

MR. FARINACCI:

Yes, good morning, Your Honor.

THE COURT:

Good morning.

MR. FARINACCI:

Attorney Roberto Farinacci, on behalf of Mr. Crespo Morales. The situation is the following: Throughout this week, we have experienced several individuals, even an attorney who

came in to this courtroom yesterday and tried to come in, because she was going to undertake some efforts related to this case, and she advised she was not allowed to come in. That is the information she provided to me; she was told she could not come in, that it was private.

THE COURT:

All right. The Court heard abut that comment earlier. An employee of the Court told us. We ordered the Bailiff to make sure that it is alright. As a safety measure, it is locked, but that there has to be a Court Marshall and for anyone who presents, as it is a public trial...

MR. FARINACCI:

The thing is we want to state this for the record. First, out client has not waived his constitutional right to a public trial. What that means, a public trial, is that the doors in the court have to be open.

THE COURT:

Of course.

MR. FARINACCI:

So anyone, the People of Puerto Rico have the right to be here to watch the proceedings and justice in action, in addition to our client having that constitutional right. It is in the Puerto Rico Constitution that an individual has the right to a just, impartial and public trial. We want to state for the record that this attorney informed us that she was unable to come in, that she was simply told that it was closed, and that it was private. So two attorneys who are, not two attorneys, two students, including the sone of a Supreme Court Judge...

THE COURT:

Counsel, we are going to conclude this matter...

MR. FARINACCI:



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.