Q. Did you go to Las Margaritas?
A. Yes.
Q. All right. Witness, you stated that you worked for 3 years with a person named Cristo.
A. Yes.
Q. Isn't it true that they call him Cristo?
A. Cristo.
Q. All right. Isn't it Cristóbal? Cristóbal is ...

THE COURT:

Counsel, there is something that has not been clear to the Court in connection with -- he has testified that his case was transferred to San Juan.

MR. FARINACCI:

All right.

THE COURT:

Well, also, it has not been clear, upon the transfer to San Juan -- obviously, the condition that -- whether he lives in the area where his case is located.

MR. FARINACCI:

All right. Please specify: did they change, modify that?

A. Yes.

BY MR. FARINACCI:

Q. All right. But does that appear in the modified document?
A. No.
Q. But you say that they modified it, that they allowed you to come here.
A. Yes, they made the arrangements between Socio-Penal Services offices.

THE COURT:

Very well. Proceed.

BY MR. FARINACCI:

Q. Let me ask you: when did you begin? I ask you whether this sentence was a sentence -- the 10-year sentence.

A. Yes.

Q. All right. Let me ask you: if that 10-year sentence was imposed on February 5, '91, when would you have finished serving that sentence? Tell me whether it would have been in the year 2001.

A. Yes.

Q. All right. And you -- and we have already reached 2001.

A. No.

Q. We are in '96?

A. Yes.

Q. All right. And you stated that you began working with a person named Cristóbal, who is known on the street as Cristo.

A. They call him Cristo on the street.

Q. And that is the person who you say was your partner and with whom you were engaged in selling drugs, isn't that right?

A. Yes.

Q. All right. And you were committing crimes while on probation.

A. Yes.

Q. All right. Let me ask whether you read Condition Number 6.

A. "You shall not frequent areas or places where games of chance prohibited by law are conducted, nor establishments of questionable reputation. And you shall refrain from consuming alcoholic beverages.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

In addition, you shall not engage in criminal conduct nor shall you ...

Q. "Nor shall you associate."

A. ... nor shall you associate with persons of -- known for their participation in illegal activities while you are enjoying the benefits granted to you by law."

Q. All right. Did you understand that condition?

A. Yes.

Q. All right. What the condition says is that you undertake -- this is the same sentence under which you undertook to comply with each and every one of the conditions imposed. "You shall not frequent areas and places where ..."

PROSECUTOR:

Your Honor, we object.

THE COURT:

All right.

PROSECUTOR:

The document speaks for itself ...

MR. FARINACCI:

Yes, but the thing is that I did not ...

THE COURT:

Wait, he is making his objection. Go ahead.

PROSECUTOR:

Exactly. The document speaks for itself. Counsel allows him to read it, and now Counsel is going to read it again.

MR. FARINACCI:

Yes, but what I want -- what I want is to ask him specific questions about -- about several -- that is, I want to do it separately. In other words, first I want to read part of that condition so that



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

he can say whether he complied with it, and then another part.

THE COURT:

All right. It is allowed.

BY MR. FARINACCI:

Q. All right. It says: “In addition, you shall not engage in criminal conduct.” Was that the undertaking?

A. Yes.

Q. Is selling drugs a crime?

A. Yes.

Q. Is killing people a crime?

A. Yes.

Q. Is carrying firearms a crime?

A. Yes.

Q. In other words, all of those criminal activities, you knew that you had undertaken not to -- not to engage in that type of activity because it was -- that is, you had been given an opportunity to remain out in the community so that you could rehabilitate yourself. Isn't it true that you did not comply with this: “You shall not engage in criminal conduct”?

A. Yes.

Q. I did not comply.

PROSECUTOR:

All right. He already answered that.

MR. FARINACCI:

And I ask you, tell me ...

THE COURT:



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Counsel, if that question has already been answered in its entirety, there is no reason to specify ...

BY MR. FARINACCI:

Q. All right. And it continues: "Nor shall you associate with persons because of their participation in illegal activities while you are enjoying the benefits of the law. Nor shall you associate with persons known for their participation in illegal activities." Was Cristo a person known as the "Gangster" from Cantera?

A. Yes.

Q. All right. And I ask you whether, even though you were given the opportunity to rehabilitate yourself and were told, "Do not associate with persons known for their participation in illegal activities," you did exactly the opposite.

A. Yes.

Q. And that was not the undertaking you had made to the Court.

A. No.

Q. All right. And perhaps ... I am going to change the question. What legitimate job -- what legitimate job did you have -- perform after you were given the opportunity to rehabilitate yourself? None?

A. None.

Q. All right. Read Condition Number 8.

A. "You shall remain employed in suitable employment or pursue studies at a recognized school or college. You shall submit evidence of such employment or studies and/or immediately notify the Socio-Penal Services Technician of any change in hours or schedule or cessation of employment or studies."

Q. All right. Let me ask whether you misunderstood Number 8, where it says that you were to remain employed. Did you understand that selling drugs could be that?



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

A. No, I did not understand it that way.

Q. All right. Obviously, it was ***illegal work***.

A. Yes.

Q. All right. Let me ask whether you complied.

A. No.

Q. All right. "Or you shall continue your studies at a school." Is that very difficult to understand, or was it easy?

A. It was easy.

Q. Let me ask whether you continued your studies at a school.

A. No.

Q. Or a recognized college.

A. No.

Q. "And you shall submit evidence of such employment or studies."

A. No.

Q. You did not submit evidence either? "And you shall immediately notify the Socio-Penal Services Technician of any change in schedule or cessation of employment or studies." You did not report anything either? When you met with the probation officers to report your activities, did you lie to them?

A. Yes.

Q. What did you tell them?

A. Well, um ...

Q. I bet you would say: "I am doing ..." -- what?

A. I did not specifically say that.

Q. Didn't she ask you?



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

A. Yes.
Q. And what would you answer her?
A. That I had not found a job.
Q. That is a lie; that was not true. The truth was that you were working in illegal activities.
A. Legitimate jobs.
Q. Which earned you a great deal of money.

THE COURT:

The answer?
A. Legitimate work.

BY MR. FARINACCI:

Q. All right.
A. She asked me about legitimate work. She was not asking me about ...
Q. Exactly. But I am asking you whether the reality was that you were engaged in illegal work that earned you money.
A. Yes.
Q. All right. Let me ask whether, under Number 9, you were warned that any violation of those conditions could result in the revocation of your probation.
A. "Any violation of the sentence ... any violation of the laws in effect in Puerto Rico may result in the revocation of this order, in which case you shall serve the sentence imposed in accordance with law. You shall consent that, if you are charged with committing a felony, the summary hearing shall be held jointly with the hearing for determination of charge -- determination of probable cause ..."
Q. "Summary."
A. ... summary, to initiate the determination of probable cause for the commission of a new



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

offense."

Q. All right.

A. "In [sic] sufficient cause at that time or to provisionally revoke the benefits of probation."

Q. All right. And the fact is that you did state that you were arrested for these events in August of '94, correct? You were arrested for the events we are addressing here, the Piñones events, in August of '94.

A. Yes.

Q. All right. Let me ask whether, during those approximately 4 years that you had been on probation, your probation had been revoked because of the activities you were carrying out, or were you out on the street?

A. I was out on the street.

Q. All right. And to finish with that line -- whether the Socio-Penal officer ever filed a complaint against you seeking revocation of your probation.

A. Not at that time.

Q. All right. During those 4 years, no complaint was filed against you seeking to have your probation revoked?

A. No.

Q. No such complaint was filed. And I ask whether the reason no complaint was filed was because you lied and provided false information.

A. Yes.

Q. And during those 4 years you were pulling the wool over the probation officer's eyes.

PROSECUTOR:

No, we object to that, Your Honor.

THE COURT:



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Sustained.

PROSECUTOR:

That is Counsel's conclusion.

THE COURT:

Ask the question. Go ahead.

BY MR. FARINACCI:

Q. During those 4 years, you concealed all of your activities from the probation officer.

A. Yes.

PROSECUTOR:

This is repetitive, Your Honor. He has actually been repeatedly -- yes, he concealed the activities he was carrying out in his life.

THE COURT:

All right. Once a categorical answer has been obtained, that question should not be pursued further. Proceed, Counsel.

BY MR. FARINACCI:

Q. Yesterday you testified before the ladies and gentlemen of the jury that ... that you worked with this person named Cristóbal, known as Cristo, and that in the course of those activities, while working with Cristo, you murdered 7 people.

A. Yes.

Q. All right. And you were on probation?

A. Yes.

Q. And you did not tell the officer that you had murdered 7 people?

A. No.

Q. And while you were on that same probation, you murdered other people as well,



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

isn't that right?

A. Yes.

Q. Hiram Cantre?

A. Yes.

Q. And Hiram Cantre's death occurred very shortly before these events in -- in Piñones.

A. Yes.

Q. And the person who ordered that killing was not Juan Crespo Morales.

A. No.

Q. It was someone known as Cepillín.

A. Yes.

Q. Was he your boss and partner?

A. Partner.

Q. All right. Partner. Tell me Cepillín's name, if you remember.

A. José L. Rivera.

Q. José Luis Rivera. And as to that killing, in which you murdered Hiram Cantre, see whether you remember the exact date.

A. No.

Q. If I show you the indictments in the case, could that refresh your recollection?

A. Yes.

PROSECUTOR:

Your Honor, the Prosecution is at the Court's disposal ...

MR. FARINACCI:

But I want to show them to him because, since he says he does not remember, I want to refresh his recollection.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.