CERTIFIED TRANSLATION

COMMONWEALTH OF PUERTO RICO
COURT OF FIRST INSTANCE
CAROLINA SUPERIOR COURT

| | | |
|---|---|---|
| THE PEOPLE OF PUERTO RICO | * | |
| | * | |
| V. | * | CASE NO.: FVI 95 G0096 (0202) |
| | * | |
| JUAN CRESPO-MORALES | * | CRIME AGAINST LIFE |
| | * | |
| DEFENDANT-APPELLANT | * | |
| | * | |

*******************************

FILED
OFFICE OF THE CLERK
CIRCUIT COURT OF APPEALS
'98 JUN 29 P 4:11

TRANSCRIPTION OF HEARING ON THE MERITS

TAPE # 16

Continuation of Testimony of
Regino Burgos-Torres

Melba González
Court Reporter
Tel. 753 6999

I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

**...SIDEBAR CONFERENCE...**

PROSECUTOR:

... I think that if ...UNINTELLIGIBLE... about whether he's a fugitive, that's enough, that he's in prison ...UNINTELLIGIBLE...

MR. FARINACCI:

...UNINTELLIGIBLE...

THE COURT:

Just a moment, so I can... What's...?

PROSECUTOR:

Your Honor, it's just that counsel brought a document to say that this person abandoned a criminal proceeding in Puerto Rico, ...UNINTELLIGIBLE... a fugitive declaration, and now I have the right to establish that he was in the custody of the court...

MR. FARINACCI:

...UNINTELLIGIBLE...

THE COURT:

Please, the thing is that if I don't hear him, I can't... Please, wait until he finishes.

PROSECUTOR:

... that he was in the custody of the federal authorities and that they were the ones in charge of producing it in any statement here.

MR. FARINACCI:

But what happens is that... (...UNINTELLIGIBLE...) ...

**...END OF SIDEBAR CONFERENCE...**

THE COURT:

Very well. Let us continue with the proceedings under rule nine of Criminal Procedure, so that you know what it is about, where a piece of evidence that the



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

Prosecutor wants to introduce is raised and the Judge hears it outside the presence of the Jury, the responses, and then the Judge determines whether or not it is appropriate. And for that reason, well, naturally, if the Judge determines that it is appropriate, then the Judge appears with... if the Judge has to issue any warnings to the witness, he issues them, all of it outside the presence of the Jury, so that what reaches you is only what is admissible, and so you don't have to go through the difficult process that we've already explained of having to see, hear something that you're later told that you may not take it into consideration, and then how hard it is to get that out of your mind, well it's better to do it this way, because that's what rule nine is for. We want to give you all that explanation so that you know exactly. All right.

So, we must remember that ...UNINTELLIGIBLE... nor with any other person, and if anyone should attempt to do so, you must report it to the Court immediately. You may come in, if you would be so kind, ...

COURTROOM MARSHAL

All rise, please.

THE COURT:

You may all be seated. All right. Please proceed, counsel.

PROSECUTOR:

Q Yes. Regino, tell the Court who are the people in charge of physically producing you for the court proceedings that you have pending in the courts of Puerto Rico.

A At the courts?

Q Yes.

A The federal marshals.

Q Tell the judge why, if you had already told us that you did not have any criminal case against you in the Federal Court, why are you in the custody of the federal



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

marshals.

A Because I testified in a federal case, and for security reasons.

THE COURT:

Anything else?

PROSECUTOR:

Regarding that line, those are the questions.

THE COURT:

Very well. Remember that you must answer exactly that, which is your answer when the jury is present, you must not change that answer. Don't add anything to it or... Alright. Bring in the Jury. Alright. Welcome to the courtroom. I ask counsels if they agree that the Jury ...UNINTELLIGIBLE... and it is complete.

MR. FARINACCI:

That's right.

PROSECUTOR:

That's right, Your Honor.

THE COURT:

You may be seated. The prosecutor may proceed with his redirect.

PROSECUTOR:

Q Yes. Regino, tell the ladies and gentlemen of the Jury who were the people in charge of physically producing you for the proceedings that you had pending in the courts of Puerto Rico.

A The federal marshals.

Q Tell the ladies and gentlemen of the Jury why, if you had already pointed out that you didn't have any criminal case in federal court, you are in the custody of the federal marshals.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

A Because I testified in a federal case and for security reasons.

Q Do you remember when you became... I mean, when you came under the custody of the federal marshals? More or less the month and year.

A In ninety-four, around October.

Q In October of nineteen ninety-four?

A Yes.

Q Yes. Tell the ladies and gentlemen of the Jury when was the first time that you testified under oath about what had happened on the fourth of July of nineteen ninety-four there at the little house in Piñones. When was the first time that you testified about that event?

A About that event?

Q Yes.

A Around September.

MR. FARINACCI:

Permission to approach.

THE COURT:

Proceed.

**...SIDEBAR CONFERENCE...**

THE COURT:

Ladies and gentlemen of the Jury, we have asked many sacrifices of you and apparently we have to keep asking. We must necessarily go to another Rule 9, so please, with the same explanations, if you would be so kind, you may leave the courtroom.

You may all be seated. Proceed, counsel.

PROSECUTOR:

Q Regino, tell the Court where was the first time that you testified under



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

oath in a proceeding just like the one we have here, in open court, like this.

A In the Virgin Islands. In the Virgin Islands.

Q Very well. That proceeding was against whom?

A Against the defendant, against Crespo.

Q Do you remember your testimony in that proceeding?

A Yes, I remember.

Q Tell the judge whether in that proceeding you stated the name of the place where you had met with the defendant and the other people when you were ordered to kill these people.

A Yes.

Q Do you remember?

A Yes.

Q And what name did you give there in the Virgin Islands when you testified about that?

A Lucio Rentas.

Q Also tell the Court if you, in that proceeding in the Virgin Islands, you talked about the steps that had been taken along with the defendant at the cockpit area to look for Cristóbal and the other two individuals that you mentioned.

A Yes.

Q Tell the Judge whether in that proceeding in the Virgin Islands you told the reasons why you killed the three individuals that you have admitted to killing in this proceeding.

A Yes, that's right.

Q What were those reasons?

A The death of ***Yiye's*** brothers.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

Q Tell the Judge whether, in that proceeding, you testified who were the individuals who participated with you ...
A Yes.
Q ... in the killings there in Piñones.
A Yes. Exactly.
Q Tell the Judge who were the individuals that you said that participated with you in those procedures.
A Well, Reynaldo Figueroa, ...
Q Say their nicknames, their nicknames.
A Reynaldo, Ronald, and Miguel. And Crespo.
Q Alright. Tell the Judge whether, in that proceeding in the Virgin Islands, you stated who had been the person who provided you with the bullets that you and those individuals used to murder the people from the ... from the little house in Piñones.
A Yes.
Q Who did you say there that provided you with those bullets?
A Crespo.
Q Tell the Judge whether in that proceeding you identified the weapons that had been used to commit the crime.
A Yes, I told them which weapons had been used.
Q Did you describe them?
A Yes.
Q Tell the Judge whether in that proceeding in the Virgin Islands you stated where the nine-millimeter ...UNINTELLIGIBLE... that Miguel had came from.
A Yes. I told them where it had come from.
Q And what was it?

Q That the weapon that Miguel had belonged to Crespo. He had given it to him.

PROSECUTOR:

That would be it, Your Honor.

THE COURT:

First of all, do you remember well what you have stated? In other words, you have no doubt that if you testify again before the Jury you would testify exactly the same thing, without adding anything.

A Yes.

THE COURT:

Are you clear about that?

A Yes, it's clear.

THE COURT:

Alright. The Court finds it appropriate in the manner stated. There's no other way to do it, and it's reasonable that... it stands stipulated.

MR. FARINACCI:

Alright, Your Honor.

THE COURT:

Proceed.

MR. FARINACCI:

... allow me to raise an argument, Your Honor. Your Honor, the situation is the following, what the witness will... uh .. what we want to know is if the witness will be allowed to testify to everything that he testified in the Virgin Islands.

THE COURT:

What he has just testified, and the prosector agrees to stick to that.

MR. FARINACCI:

Because our argument is the following, that the witness should be asked if



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

he had testified prior to these events...

THE COURT:

Counsel, it isn't ...

MR. FARINACCI:

Your Honor, but... Your Honor, ...

THE COURT:

...UNINTELLIGIBLE... that you may try to lead the examination. What the Court needs to see, what it heard is admissible, is reasonable, that's it. Because you can't tell him how he will present his evidence.

MR. FARINACCI:

Alright, Your Honor, but what happens is that what I'm raising is what is the position of the defense in terms of the question of law that Your Honor will decide under Rule 9.

THE COURT:

Fine. What happens is that since you're saying, "what he should ask,"...

MR. FARINACCI:

No, no, no. no.

THE COURT:

... if you do it that way, then we will decide it as it should be.

MR. FARINACCI:

What I am raising is that what we... what we're raising is that the way counsel should conduct the questioning, the questions that the court must ask, it should allow him ,in relation to that ...

THE COURT:

Now.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.

CERTIFIED TRANSLATION

MR. FARINACCI:

... in relation to that is that he be asked whether he had previously testified in any forum, under oath, in connection with those events, you see, and that he answer. And in a fo... I mean, he doesn't have to name the forum, whether he had previously testified to that under oath in any forum.

THE COURT:

No, counsel.

MR. FARINACCI:

Alright, it's fine then. Well... it's okay. Let him ask him if what he previoulsy testified to before that forum is the same thing that he testified to before the prosecutor in the direct, and not... Your Honor, because it would be, it would be unnecessary cumulative evidence, because the witness would be repeating again what he already stated during the direct examination.

THE COURT:

Counsel, it can't be that way. It is a rehabilitative process corresponding to questions that you asked with the intent to impeach, and the Court believes that the way in which the prosecutor has presented it and what the witness has answered is in no way inflammatory, it is reasonable and meets the requirements for the protection of rights.

Bring in the Jury.

MR. FARINACCI:

We will be allowed to ask what the result was, if he knows what the determination was...

THE COURT:

Excuse me, you will obviously have a recross examination, counsel.

PROSECUTOR:

We have a document that we provided to counsel regarding the final determination.



I, Juan E. Segarra, USCCI #06-067/translator, certify that the foregoing is a true and accurate translation, to the best of my abilities, of the document in Spanish which I have seen.