IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JUAN M. CRESPO MORALES**

**Petitioner**

**v.**

**NICANOR CARO-DELGADO, et al.**

**Respondents**

**CIVIL NO. 16-1755 (PAD)**

**RESPONSE TO OBJECTIONS FILED AT DOCKET NO. 136**

**TO THE HONORABLE COURT:**

**COME NOW**, Respondents Nicanor Caro-Delgado and the Secretary of Justice, in their official capacities, through the undersigned counsel, and very respectfully STATE and PRAY as follows:

1. On June 11, 2026, Respondents filed with the Court a Motion in Compliance with Order at Docket No. 130 and Request for Extension of Time to file certified translations. [Docket No. 131].

2. In said Motion, the undersigned explained to the Court that the paper copy of the testimony of witness Regino Burgos-Torres contained several unreadable parts because it had been damaged by Hurricane María. For this reason, the Court ordered Respondents to "identify those illegible portions and furnish a narrative summary of them under Rule 5(c) of the Rules Governing Section 2254 Cases, or, if any portion cannot be summarized, explain why that is the case." [Docket No. 133].

3. Upon examination of the Spanish language transcript filed with the Court, it is evident why furnishing a narrative summary was not possible, as the paper copy available of the

transcript contains parts of the testimony that are simply all black portions of the page. Therefore, Respondents could not comply with that part of the Order. At that juncture, the undersigned contacted the archives where Petitioner's criminal file was located and asked whether it was possible to obtain a clean copy of the transcript of Burgos-Torres's testimony. The undersigned was informed that they could make a digital copy of the transcript, which would be legible. Thus, the undersigned requested a digital copy of said testimony, which was produced. Once it was received, the undersigned requested a certified English translation of said transcript to be filed with the Court within the deadline. As a matter of fact, the digital copy of the Spanish language transcript reflects damage to its pages.

4. On September 11, 2026, Respondents filed the certified translation of Burgos-Torres's testimony at trial, Docket No. 135, in compliance with the Court order at Docket No. 133.

5. On September 25, 2026, Petitioner filed objections to the certified translations stating the following reasons: (a) the Spanish language transcript from which the certified translation was prepared was not filed with the Court; (b) Respondents did not provide a summary of the illegible parts of the original transcript; (c) the translation contains material errors concerning the Cidra meeting; (d) lack of a Commonwealth certification; and (e) structural and pagination problems.

6. Petitioner requests that the Court order Respondents to: (1) file the Spanish language transcript that was used to furnish the certified English translation; (2) investigate and account for missing page 86, the missing testimony at page 153, and pages 15-18 of Tape 17; (3) provide Rule 5(c) narrative summaries where missing testimony cannot be recovered; (4) file a corrected certified translation addressing the identified errors and including all cover pages; and (5) provide a declaration under penalty of perjury from a knowledgeable Puerto Rico Department of Justice official explaining the provenance of each copy and the efforts made to locate missing testimony.

**Spanish language transcript and Commonwealth certification**

Respondents attach the digital copy of the transcript in the Spanish language, from which the certified translation at Docket No. 135 was prepared, for the benefit of the Court and Petitioner's counsel. As the Court will be able to corroborate, the Spanish language transcripts contain the Commonwealth certification for each request. Specifically, these certifications are located at Docket No. 135-2, page 6, and Docket No. 135-27, page 9. These certifications are located on the last page of the two transcripts requested by the undersigned, as can be verified in the certifications themselves. The fact is that the state court personnel divided each transcript into files of ten (10) pages each so that they could be sent by e-mail. These files were sent to be translated as they were received and later filed with the Court. Thus, Petitioner's objections are unwarranted.

**Narrative summary of illegible part in Spanish language transcript originally filed**

In its Order at Docket No. 133, the Court ordered Respondents to "identify those illegible portions and furnish a narrative summary of them under Rule 5(c) of the Rules Governing Section 2254 Cases, or, if any portion cannot be summarized, explain why that is the case," since the transcript originally filed and to be translated contained several illegible parts. However, that is not the case as to the English translation of the transcript filed with the Court, since the digital copy received from the State Court's archive is legible. Rule 5(c) of the Rules Governing Section 2254 Cases provides for a narrative summary of the evidence when "a transcript cannot be obtained." Therefore, no narrative summary is needed for the certified English translation filed. Thus, Petitioner's objection is unwarranted.

**Testimony missing from pages 86 and 153**

Petitioner's objection concerns a failure of the Spanish language transcript, and not of the certified translation filed with the Court. Indeed, the Spanish language transcript does not contain page 86, and page 153 has the following note: "(Continua el Lado 15—Falta algo de testimonio)"

[Continues on Side 15— Some testimony is missing]. However, the undersigned is amenable to discussing this with Petitioner's counsel, who, given his allegation of "material errors" in the certified translation concerning the Cidra meeting, probably has in his possession a jury trial transcript, as to identify the missing parts and file a certified translation. Should the missing testimony not be located, Respondents will explain why the testimony cannot be summarized as ordered by Rule 5(c) of the Rules Governing Section 2254 Cases.

**Omission of pages**

Petitioner alleges that pages 15-18 of Tape 17 are unaccounted for, and requests that Respondents produce these pages or confirm, after investigation, that they do not contain Burgos-Torres's testimony. As the Spanish language transcript clearly shows, the testimony ends at page 14, where the trial attorney states that he does not have any questions and the Judge excuses the witness. Therefore, it is to be concluded that the testimony of this witness ends at page 14.

As to the missing cover of Tapes 6-10, said cover does not change the witness' testimony, which is what the Court ordered Respondents to file. From the initial page, it is clear that the witness' testimony starts there, with or without a cover page. As a missing cover page does not change the witness' testimony, which concludes at page 14, Petitioner's objections are unwarranted.

**Petitioner's claim that the translation "misrenders" the Cidra meeting testimony**

Petitioner alleges that the certified English translation "misrenders" the Cidra meeting testimony. On this date, Respondents filed the Spanish language transcript for his counsel to verify whether that allegation is correct or not. Should Petitioner's counsel understand that there is still a discrepancy, the undersigned is amenable and available to discuss it to reach a resolution.

**CONCLUSION**

As discussed above, most of the remedies requested by Petitioner are unwarranted. However, the undersigned is available, in a good-faith effort, to confer with Petitioner's counsel, using any copy

of the trial transcript he may have, to identify the missing testimony and request a certified translation to be filed with the Court. Should the missing testimony not be located, Respondents will proceed under Rule 5(c) as set forth above. Also, the alleged errors in the page numbers can be attended to by both counsel to reach an agreement, so that a stipulated corrected version may be filed with the Court promptly.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of Respondents' response and of the certified translation filed in compliance with the Order at Docket No. 133 and deny Petitioner's Objections.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 9th day of October, 2026.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed a digital copy of this document with the Clerk of the Court, who will notify Plaintiff at his electronic address of record.

**LOURDES GÓMEZ TORRES**
Secretary of Justice

**TANIA FERNÁNDEZ MEDERO**
Deputy Secretary in Charge of Litigation

**JOSUÉ N. TORRES CRESPO**
Director of Federal Litigation and Bankruptcy Division

S/ Idza Díaz Rivera
**IDZA DÍAZ RIVERA**
USDC No. 223404
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel. 787-721-2900, Ext. 1421
Email: idiaz@justicia.pr.gov