Rachel Brill
Federal Public Defender

Franco L. Pérez-Redondo
Assistant Federal Public Defender
Supervisor, Appellate Division
USDC-PR No. G02414
Franco_Perez@fd.org

Jessica E. Earl
Assistant Federal Public Defender
USDC-PR No. 302613
Jessica_Earl@fd.org

241 F.D. Roosevelt Ave.
San Juan, PR 00918
(787) 281-4922

Counsel for Petitioner

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| Juan M. Crespo-Morales,<br><br>Petitioner,<br><br>v.<br><br>Nicanor Caro-Delgado, et al.,<br><br>Respondents. | Case No. 16-cv-1755-PAD<br><br>**Petitioner's Reply Re: Objections to Respondents' Translation** |

## I. Introduction

Petitioner Juan M. Crespo-Morales filed this habeas petition ten years ago. Nearly five months have passed since the First Circuit's second remand for Rule 5 non-compliance. Yet the record of the testimony at the center of his *Brady* claim is still incomplete.

The one real development in Respondents' response is a legible Spanish-language transcript obtained from the court archives on one request. Otherwise, the response leaves the deficiencies Mr. Crespo identified largely in place. In place of a usable trial record, Respondents offer explanations without sworn support and readings of a record they concede is incomplete. Respondents propose discussions instead of compliance. And they invite Mr. Crespo's counsel to locate the missing testimony and check the translations themselves.

As a result, Respondents still have not: (1) explained the source of the Spanish-language transcript at ECF No. 138; (2) searched for the testimony missing from pages 86 and 153 of Tapes 11 to 15 or, if it cannot be found, provide a narrative summary or explained why they cannot; (3) confirmed whether pages 15 to 18 of Tape 17 contain Burgos-Torres's testimony; (4) translated the cover page of Tapes 6 to 10 and corrected two pagination errors; (4) correct typographical errors; (5) corrected the misrendered account of the Cidra meeting; or (6) reviewed the passages their translated marked "unintelligible" against the legible Spanish-language transcript now in the record.

Mr. Crespo therefore maintains his objections to the translation filed at ECF No. 135. He respectfully renews his request that the Court: (1) decline to deem the June 15 Order, ECF No. 133, satisfied; (2) set a final deadline for Respondents to cure the remaining deficiencies; and (3) advise Respondents of the consequences of further noncompliance with Court orders.

## II. Discussion

### A. The source of the Spanish-language transcripts remains unclear, and the new copy does not account for the missing testimony.

Mr. Crespo's objections noted that Respondents had not explained the source of the Spanish-language transcripts or how they obtained them. *See* ECF No. 136 at 9. Respondents had represented that the translation at ECF No. 135 was produced using the digital copy "obtained from the Court of First Instance." ECF No. 136 at 9 (citing ECF No. 135 ¶ 4). Respondents now assert that the transcripts filed at ECF No. 138 are the same digital copy and note that the matching court certifications establish this. ECF No. 138 at 3.

The certifications raise more questions than they answer. The transcripts at ECF No. 138, certified in June 2026, appear to be the same pages filed at ECF No. 131, certified in October 2020. The only differences are that the new set is in color and lacks the black streaks that obscure the earlier set. The 2020 set looks like a photocopy of a printout of the 2026 digital copy.[1] Yet both are certified as a "true and exact copy of the original document." If both are true copies, it is unclear what the original is, where it is kept, or whether anyone has compared it with these copies. And a certification that a copy is true does not show that the transcript is complete. The 2026 copy, like the 2020 copy, is missing testimony.

Given the repeated difficulty in obtaining a complete record, the Court should order Respondents to file the declaration Mr. Crespo previously requested. *See* ECF No. 136 at 23. The declaration, we respectfully suggest, should be made under penalty of perjury, *see* 28 U.S.C. § 1746, by a Puerto Rico Department of Justice official with personal knowledge,

---

[1] The only difference in terms of the content of the ECF No. 131 and ECF No. 138 submissions is that ECF No. 138 contains page 14 of Tape 17. *Compare* ECF No. 138-27 at 15 ECF 131-3 at 43-44.

describing when and from which office each copy of the testimony was obtained, and what steps were taken, if any, to locate the missing testimony.

**B. Respondents have not complied with the June 15 Order as to the testimony missing from pages 86 and 153 of the Tapes 11 to 15.**

Respondents still have not produced the testimony missing from pages 86 and 153 of the Tapes 11 to 15, nor provided "a narrative summary of the evidence," as the June 15 Order requires. ECF No. 133. Instead of attempting to comply, Respondents speculate that Mr. Crespo "probably has in his possession a jury trial transcript" from which to identify the missing parts. ECF No. 138 at 4.[2]

Respondents made the same argument on appeal and in the same breath claimed that the transcript was unavailable. They told the First Circuit that Mr. Crespo "had a copy of the trial transcript." Appellee's Brief 10-11, *Crespo-Morales v. Caro-Delgado*, No. 23-1638 (1st Cir. Sept. 24, 2025). Mr. Crespo answered the argument then. *See* Reply Brief 13-15, No. 23-1638 (1st Cir. Nov. 13, 2025). The First Circuit vacated and remanded. *See Crespo-Morales v. Caro-Delgado*, 177 F.4th 54 (1st Cir. 2026). And the argument has not improved with time.

In any event, what Mr. Crespo has is beside the point. Rule 5(c) compliance "is not subject to necessity analysis," and "[i]t is irrelevant whether a petitioner … already has the documents." *Id.* Reply Brief 14 (quoting *Thompson v. Greene*, 427 F.3d 263, 271 (4th Cir. 2005)). Where a transcript cannot be obtained, the rule contemplates as narrative summary of the evidence. The June 15 Order made the summary mandatory. And, though Respondents

[2] As Mr. Crespo very clearly explains, the importance, but not the content, of the testimony on pages 86 and 153 can be inferred from the testimony directly before and directly after. ECF No. 136 at 13-14.

offer to "discuss" the matter with counsel, ECF No. 138 at 4, the Order at ECF No. 133 requires compliance, not discussion.

The Court should set a final deadline for Respondents to search all available court files and archives for the missing testimony. Respondents should then state whether page 86, the missing portion of page 153, or any recording of that testimony exists. If none exists, they should furnish a narrative summary of the testimony or explain why they cannot. *See* ECF No. 133

**C. Respondents' responses on the remaining missing pages and errors do not comply with the June 15 Order.**

*First,* Mr. Crespo requested pages 15 to18 of Tape 17 or, alternatively, "an attestation, after investigation, that [these pages] contain no testimony by Burgos-Torres." ECF No. 136 at 19. Respondents provided neither. They conclude, from their own reading, that witness's testimony ends at page 14. ECF No. 138 at 4. Respondents should be directed to take the required steps to confirm the contents of these missing pages and provide more than merely their own interpretation of the transcripts.

*Second*, in response to Petitioner's request for the cover page of Tapes 6 to 10, ECF No. 138 at 19, Respondents decline to translate it because it "does not change the witness' testimony," ECF No. 138 at 4. While that statement is accurate, it is beside the point. Cover pages serve to ensure that the transcripts are complete and properly labeled—and Respondents seem to recognize this because they provided cover pages in all other similar circumstances. Petitioner again asks that the Respondents provide a certified English translation of the existing cover sheet that identifies that volume and where Burgos-Torres's testimony begins.

*Third*, Petitioner had requested that the certified English translation be corrected to address two typographical errors[3] (1) page 177 of the Tapes 6 to 10 as "157," ECF No. 135-1 at 8, and (2) Tapes 11 to 15 contains two pages numbered 120 in the Tapes 11 to 15 one of which is blank, ECF No. 135-14 at 11; ECF No. 135-15 at 1. Rather than make the required effort to correct these errors, Respondents offer to confer with counsel and file a stipulated corrected version. While Mr. Crespo does not object to a stipulation, the corrections are Respondents to make, and they could have accompanied October 9 filing. The Court should set a date by which the corrected pages must be filed.

### D. Respondents have not corrected the misrendered account of the Cidra meeting.

Mr. Crespo identified material errors in the translation of Burgos-Torres's account of the Cidra meeting. ECF No. 136 at 16-18. Respondents do not defend the translation and they do not correct it. Respondents say only that, with the Spanish-language transcripts now filed, counsel can "verify whether" the claimed misrendering "is correct or not." ECF No. 138 at 4. Counsel already did, which is how the errors were found. *See* ECF No. 136 at 16-18.

The translation is Respondents' submission, certified by their translator, and correcting it is their obligation. Respondents should be directed to have their certified translator review the identified passages and to file a corrected certified translation.

---

[3] Petitioner reiterates that errors like this call into question the quality and accuracy of the translations that Respondents submitted as "certified." Moreover, from a practical standpoint, such errors may cause confusion for all parties when providing citations in various pleadings.

### E. Respondents' translator should review every passage marked "unintelligible" against the original and the new Spanish-language transcript.

The certified translation marks passages of Burgos-Torres's testimony "unintelligible." Mr. Crespo's objections did not catalog those passages because more basic defects came first and those alone filled more than twenty pages. ECF No. 136.

Respondents have now filed a legible Spanish-language transcript, which they say is the same digital copy their translator used. ECF No. 138 at 3. If it is legible, every "unintelligible" marking should be checked against it. If the translator worked from this copy and still marked passages unintelligible, Respondents should explain why.

Although Respondents apparently expect counsel to do that work, the review is Respondents' to perform. The translation is their submission, certified by their translator, and Rule 5(c) places the duty to furnish the record on Respondents. Mr. Crespo has already done his part in good faith. He compared hundreds of pages, line by line and across multiple versions of the transcript, and documented a substantial number of the errors he found. Rather than address the errors, Respondents invite him to keep checking. *See* ECF No. 138 at 4.

Mr. Crespo will review the translation again once Respondents have made it complete and accurate. He should not be asked to proofread a translation Respondents' translator has not finished. Respondents should be directed to have their certified translator review every passage marked "unintelligible" against the now-docketed transcripts and file a corrected certified translation.

## III. Conclusion

Mr. Crespo will not speculate about why Respondents remain unable or unwilling to comply with Rule 5 and the June 15 order. The record speaks for itself. Mr. Crespo filed his

habeas petition ten years ago. He is still waiting for the record of his own trial. In 2020, the First Circuit vacated the denial of his petition because the record did "not reflect compliance with Rule 5(c)." That same year, Respondents certified that they had found Burgos-Torres's testimony "in its entirety." They never produced it, and the petition was denied again without it. In 2025, Respondents told the First Circuit the testimony was unavailable because of damage from Hurricane María. The First Circuit vacated again. Then, after this Court's June 15 Order, Respondents' counsel asked the court archive for a clean copy, and the archive supplied one. Still, the record remains incomplete, and Respondents now expect Mr. Crespo to finish the work they were ordered to do.

Ten years, two remands, and multiple production orders should have been enough. Instead, the Court and the Federal Public Defender continue to expend time and public resources litigating deficiencies that Respondents have repeatedly been directed to remedy. Respondents bear no apparent cost for the delay. Mr. Crespo bears it every day. He has waited a decade in prison on a conviction the Court has yet to review on a complete record. He respectfully asks the Court to make the next deadline final and to specify the consequences of further noncompliance.

Dated: October 16, 2026

Respectfully submitted,

Rachel Brill
Federal Public Defender

*/s/ Franco L. Pérez-Redondo*
Franco L. Pérez-Redondo
Assistant Federal Public Defender
Supervisor, Appellate Division

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2026, I electronically filed this pleading with the Clerk of Court using the CM/ECF system that will send electronic notification to all parties of record.

*/s/ Franco L. Pérez-Redondo*
Franco L. Pérez-Redondo
Assistant Federal Public Defender
Supervisor, Appellate Division